RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com
*Attorney for Plaintiff and Putative Classes*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNE SULLIVAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JARED'S LEADS, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Dianne Sullivan, individually and on behalf of others similarly situated, alleges the following against Jared's Leads, Inc. ("Jared's Leads" or "Defendant").

## I. NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the

COMPLAINT - CLASS ACTION – 1

Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA doesn't only restrict robocalls.

3. Indeed, the Fourth Circuit has recognized that "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

4. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either

COMPLAINT - CLASS ACTION – 1

monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

5. This case involves a campaign by Jared's Leads, Inc. ("Jared's") to market debt consolidation and settlement services, which are leads it offers its clients, through the use of pre-recorded telemarketing calls and to numbers on the National Do Not Call Registry in plain violation of the TCPA.

6. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

7. A class action is the best means of obtaining redress for the Defendant' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II. JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Jared's Leads because it resides in this District, including making telemarketing calls from this District and soliciting business from this District.

COMPLAINT - CLASS ACTION – 1

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred from this district, namely the telemarketing calls to the Plaintiff.

### III. PARTIES

11. Plaintiff Dianne Sullivan is a citizen of Washington, residing in this District.

12. Defendant Jared's Leads, Inc. is a California corporation with a principal place of business of 30765 Pacific Coast Highway, Number 241, in Malibu, California and a registered agent of Jared Knapp at 5184 Benedict Court, Oak Park, California 91337.

### IV. TCPA BACKGROUND

<u>Calls Made Using a Pre-Recorded Message</u>

13. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

14. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

15. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

COMPLAINT - CLASS ACTION – 1

16. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

The National Do Not Call Registry

17. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

18. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

19. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V. FACTUAL ALLEGATIONS

**A.  Factual Allegations Regarding Jared's**

20. Jared's Leads is a company that seeks debt consolidation leads to sell to its clients.

21. Those clients include Americor Funding

COMPLAINT - CLASS ACTION – 1

22. To generate business, Jared's Leads relies on telemarketing.

23. Those telemarketing calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry or with pre-recorded messages to cellular telephones.

**B.  Factual Allegations Regarding Plaintiff**

24. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

25. Plaintiff's telephone number, (509) XXX-5195, is a non-commercial telephone number not associated with any business.

26. Plaintiff's telephone number, (509) XXX-5195, is used for personal residential purposes.

27. Plaintiff's telephone number, (509) XXX-5195, has been listed on the National Do Not Call Registry since 2009.

28. Plaintiff has never been a Jared's Leads customer and never consented to receive calls from Jared's Leads.

29. Despite that, Ms. Sullivan received pre-recorded telemarketing calls from the Defendant on at least April 20, 24, June 1, 13 and June 15, 2023.

30. The calls that were answered played a pre-recorded message at the beginning of the call that mentioned debt consolidation.

31. The pre-recorded message did not identify the caller.

32. The call was clearly pre-recorded because (a) there was a pause before the recording played and the robot started speaking (b) the robot had a generic monotone voice.

33. The calls all came from the Caller IDs (509) 236-6571 and (509) 236-6576.

COMPLAINT - CLASS ACTION – 1

34. Other individuals have complained about getting robocalls from the same or similar Caller IDs. *See* https://lookup.robokiller.com/p/509-236-6571

35. The Plaintiff rejected the first call.

36. The Plaintiff answered the second call, heard the pre-recorded message and then responded to inform the caller that she was not interested.

37. Yet, the Defendant made the third call.

38. During the third call, the Plaintiff stayed on the phone long enough to speak to have the caller, who did not identify their company, transfer the call to Zach Barrett, who identified himself as an employee with Americor.

39. Americor identified Jared's Leads as the company that sent it the call to Zach Barrett.

40. Jared's Leads has previously received complaints about its telemarketing conduct that is alleged to violate the TCPA.

41. Indeed, Jared's Leads has previously been named in a lawsuit alleging violations of the TCPA.

42. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## VI. CLASS ACTION ALLEGATIONS

43. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein

44. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

COMPLAINT - CLASS ACTION – 1

45. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Pre-Record Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone (3) from or on behalf of Jared's Leads, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

**National Do Not Call Registry:** All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation telemarketing call from or on behalf of Jared's Leads (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

46. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

47. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Classes as she has no interests that conflict with any of the class member

48. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

49. This Class Action Complaint seeks injunctive relief and money damages.

COMPLAINT - CLASS ACTION – 1

50. The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

51. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

52. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

53. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

54. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

55. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    a. whether a pre-recorded message was used to send calls;

    b. whether multiple telemarketing telephone calls were made promoting the goods or services to members of the National Do Not Call Registry Class;

    c. whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the call;

    d. whether Defendant' conduct constitutes a violation of the TCPA; and

COMPLAINT - CLASS ACTION – 1

e. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant' conduct.

56. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.) on behalf of the Robocall Classes**

57. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

58. The Defendant violated the TCPA by or causing to be sent via pre-recorded calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

59. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

61. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Jared's Lead's from using a pre-recorded voice in the future, except for emergency purposes.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))**
**on behalf of the National Do Not Call Registry Classes**

COMPLAINT - CLASS ACTION – 1

62. Plaintiff incorporates by reference the allegations in paragraphs 1-56 as if fully set forth herein.

63. The Defendant violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

64. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

65. Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

66. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting Jared's Leads from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Jared's Lead's from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers using a prerecorded voice in the future;

COMPLAINT - CLASS ACTION – 1

B. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: December 21, 2023        PLAINTIFF, individually and on behalf of all others similarly situated,

By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman (Cal Bar No. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
*Attorney for Plaintiff and the Proposed Classes*

COMPLAINT - CLASS ACTION – 1